**Shannon Eugene HAYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00163–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 20, 2003.

Rehearing Overruled Jan. 15, 2004.

Stanley G. Schneider, Schneider & McKinney, P.C., Houston, TX, for Appellant.

John F. Healey, Jr., District Attorney, Fort Bend County, David C. Newell, Assistant District Attorney, Richmond, TX, for Appellee.

Panel consists of Justices HEDGES, NUCHIA, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

Appellant, Shannon Eugene Hayes, was tried by a jury for murder and found guilty of the lesser included offense of manslaughter. Appellant had one enhancement, which raised the penalty range to that of a first degree felony. The jury assessed punishment at 30 years' confinement. In seven points of error, appellant claims that (1) the trial court erred by excluding the testimony of two defense witnesses who would have testified regarding acts of aggression by the intended victim, (2) the trial court violated his right to due process by excluding evidence of the intended victim's extraneous acts, (3) the trial court violated his right to due course of law under the Texas Constitution by excluding evidence of the intended victims extraneous acts, (4) a person may not always be reckless when he kills an innocent third party while acting in self-defense, (5) the evidence is not factually sufficient to sustain a conviction for manslaughter, (6) the trial court erred when it denied his request for a jury charge on criminally negligent homicide, and (7) the trial court erred by denying his request for a charge on voluntary conduct.

## BACKGROUND

Appellant went with his friend, Aubrey Brent, to confront Darryl Delaney about an amplifier that appellant and Brent believed Delaney had stolen from the trunk of Brent's car while changing its oil. There had been a previous encounter between Brent and Delaney that day regarding the car stereo amplifier. Brent claims that, in the previous encounter, Delaney chased him with a screwdriver and a gun, but admitted that he had initiated the confrontation. Delaney testified that he never chased or attacked Brent with the screwdriver and at no time had a gun.

Brent called appellant after this encounter and told him that Delaney had pulled a pistol and a screwdriver on him and that Delaney had stolen his amplifier. Brent told appellant that he was going to "whup [Delaney's] ass" when he saw him next. After Brent said this, appellant told Brent that he would come over to Brent's house. Brent and appellant then drove around, looking for Delaney. Appellant was armed with a handgun that he kept in his car because a friend had left it in his house and, according to appellant, he wished to return it to his friend.

Appellant and Brent found Delaney standing in the driveway at Roderick Swain's mother's house. Appellant parked the car in front of the house. Brent got out of the car and started to walk up to Delaney in order to "whup" him. There is some dispute whether appellant also left the car at this point and approached Delaney. Brent claims that he asked Delaney where his amplifier was and said that, if Delaney didn't give him the amplifier, he would "whup Delaney's ass." Brent and appellant claim that, at this point, Delaney pulled a gun on Brent, while other witnesses testified that Delaney was unarmed. Appellant testified that, after the gun was pulled on Brent, he got out of the car, held his gun out, and told Delaney to get his gun off of Brent. Appellant and Delaney exchanged words, and Brent retreated to the car. Roderick Swain pulled up at this point and told both parties to go away from his mother's house. Swain also went to Delaney and spoke to him, telling him to cool down and that it wasn't worth it. Appellant returned to the driver's seat of his car. Appellant claims that, at this point, Delaney moved toward the car, raised the gun he was carrying, and shouted "Bitch, I'm going to kill you." Appel-

lant testified that he feared for his life and responded to this threat by grabbing his gun in his left hand and shooting at Delaney. Appellant testified that he did not take aim while firing several shots and that his eyes were closed. When appellant stopped firing, Swain, who had been standing somewhere behind Delaney, was lying in the yard and Delaney, who was struck in the hand by a bullet, had backed away from the car. Appellant and Brent then drove off.

At trial, appellant sought to introduce testimony regarding a previous incident in which Delaney attacked Anthony Bell and pointed a gun at him. The court refused to allow this testimony to be introduced. However, testimony regarding Delaney's attacking someone with a wrench was introduced as well as Delaney's conviction for aggravated assault. Appellant specifically requested an instruction on self-defense as it applied to murder and an instruction that informed the jury that self-defense was inapplicable if they found appellant acted recklessly in killing a third party. The court incorporated both requested instructions into its charge. Requests for instructions on criminally negligent homicide and voluntary conduct were made by appellant and denied by the court.

## DISCUSSION

### Intended Victim's Violent Acts

Appellant, in his first point of error, asserts that the trial court erred in excluding the extraneous-act testimony of two witnesses who would have testified regarding acts of aggression by the intended victim. Appellant contends that this testimony would serve to show his state of mind as well as indicating that the intended victim was the first aggressor.

### Standard of Review

An appellate court reviews a trial court's decision to admit or to exclude evidence under an abuse of discretion standard. *Burden v. State,* 55 S.W.3d 608, 615 (Tex.Crim.App.2001). An appellate court will not reverse a trial court's ruling unless the ruling falls outside the zone of reasonable disagreement. *Id.*

Generally, a defendant in a murder prosecution who raises the issue of self-defense may introduce evidence of the victim's violent character. Tex.R. Evid. 404(a)(2); *Torres v. State,* 71 S.W.3d 758, 760 (Tex.Crim.App.2002). The defendant may offer opinion or reputation testimony to prove the victim acted in conformity with his violent nature. Tex.R. Evid. 404(a)(2); *Torres,* 71 S.W.3d at 760. Specific, violent acts of misconduct may be admitted to show the reasonableness of the defendant's fear of danger or to show that the victim was the first aggressor. *Torres,* 71 S.W.3d at 760; *Mozon v. State,* 991 S.W.2d 841, 845–46 (Tex.Crim.App.1999).

However, because appellant was not found guilty of murder, he goes to great lengths in his brief to try to establish that he should be allowed to bring in the same evidence regarding the reckless aspect of manslaughter that he would be allowed to bring in to establish self-defense to the murder charge. We need not rule on the merits of that argument unless we find that the evidence in question would be admissible in a murder prosecution.

### Defendant's State of Mind

In *Torres v. State,* the court stated in a footnote that evidence of the victim's previous violent acts would be relevant to show the reasonableness of a defendant's apprehension and thus the defendant's state of mind. *Torres,* 71 S.W.3d at 760 n. 4; *Mozon,* 991 S.W.2d at 846. However, the court also noted that the defendant

must show that he was aware of the specific acts of the victim for the evidence of previous violent acts to be admissible to show the defendant's state of mind. *Torres,* 71 S.W.3d at 762; *Mozon,* 991 S.W.2d at 845; *Dixon v. State,* 634 S.W.2d 855, 855–56 (Tex.Crim.App.1982); *see also Gutierrez v. State,* 764 S.W.2d 796, 798 (Tex. Crim.App.1989). The record does not show that appellant had any knowledge of the violent acts of which he sought to have testimony introduced. The bad act of which appellant did have knowledge, an assault with a wrench, was admitted into evidence. As appellant did not have personal knowledge of Delaney's assault on Bell with a gun, evidence of that act cannot be introduced to show appellant's state of mind.

### Intended Victim as Aggressor

■ Appellant also suggests that the proffered testimony was relevant and admissible to show that the intended victim was the aggressor. The proffered testimony was that, in 1997, two years before the events at issue in this case, Anthony Bell and Derek Pasley had driven to Delaney's house to pick up Keisha Delaney (Keisha). Bell entered the house while Pasley remained in the car. Bell and Keisha laughed at Delaney for being drunk. Delaney punched Bell and the two fought for a while until the fight was broken up by Keisha. Bell left the house, told Pasley that Delaney had a gun, and said that they should leave. Before they could leave, Delaney came out to the car, walked to the driver's side, and pulled the trigger on the gun, but the gun did not discharge.

■ Rule 404(a)(2) allows the admission of evidence regarding a victim's character or character traits, but rule 405(a) limits the permissible method of proof to reputation or opinion testimony. TEX.R. EVID. 404(a)(2), 405(a). However, proving who the aggressor was in a claim of self-defense is not exclusively dependant upon the character of the victim. *Tate v. State,* 981 S.W.2d 189, 192–93 (Tex.Crim.App. 1998). If evidence of specific acts is otherwise admissible, rule 404(b) allows its introduction for purposes other than its tendency to prove the character of a person in order to show that they acted in conformity therewith. *Tate,* 981 S.W.2d at 193.

In *Tate,* a threat made by the victim toward the defendant could be introduced as evidence of the victim's state of mind and possibly his motive for the confrontation with the defendant. *Id.* The testimony was probative of whether the victim was the initial aggressor, but it could be brought in for other purposes. *Id.* In the instant case, the incident about which appellant wished to introduce testimony did not implicate appellant in any way. Delaney did not make any threat toward appellant, and Delaney did not indicate that he had any animosity toward appellant. The incident is not probative of Delaney's motivation or state of mind related to the confrontation with appellant.

Therefore, while appellant could introduce character evidence to suggest that appellant was the aggressor, he could not introduce evidence of these specific acts and events because such evidence was not admissible for other purposes. *Id.* The trial court acted properly in excluding the evidence in relation to the murder charge, and thus it was also properly excluded in relation to the manslaughter charge. We overrule appellant's first point of error.

### Due Process and Due Course of Law

■ In his second and third points of error, appellant contends that the trial court violated appellant's right to due process under the United States Constitution and appellant's right of due course of law under the Texas Constitution by excluding evidence of the intended victim's extrane-

ous acts, thereby preventing appellant from putting on a complete defense of self-defense. In *Broxton v. State*, an appellant similarly claimed that he was denied the right to present a defense and the right to due process or course of law on appeal after making a Texas Rules of Evidence 403 objection at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App.1995). The court in *Broxton* held that the appellant's complaint on appeal did not correspond to that made at trial, and thus the appellant did not properly preserve error. *Id.* Appellant has similarly failed to preserve error here. We overrule appellant's second and third points of error.

### Lack of Recklessness Despite Killing of Third Party

In his fourth point of error, appellant asks "whether a person is always reckless when they [sic] kill an innocent third person while acting in self defense." However, appellant does not point to any error made by the trial court. We overrule appellant's fourth point of error.

### Factual Sufficiency

In his fifth point of error, appellant contends that the evidence is not factually sufficient to sustain a conviction of manslaughter. Appellant specifically asserts (1) that intentional conduct is implicit in a claim of self-defense and thus any testimony that the appellant acted in self-defense precludes appellant from committing manslaughter by acting recklessly and (2) that appellant clearly wished to kill or cause harm to Delaney and was able to do so by shooting him in the hand. Thus, appellant asserts he was not reckless because his aim was good enough to hit Delaney until Delaney moved out of the way and one of the bullets hit Swain.

In reviewing the evidence on factual sufficiency grounds, all of the evidence as a whole must be reviewed, and not only in the light most favorable to the prosecution. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). After reviewing the evidence, the evidence will not be deemed factually insufficient unless (1) it is so weak as to be clearly wrong and manifestly unjust or (2) the adverse finding is against the great weight and preponderance of the available evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim. App.2000). However, in a factual sufficiency review, the appellate court should not substitute its own judgment for that of the fact finder. *Jones v. State*, 944 S.W.2d 642, 648 (Tex.Crim.App.1996).

Appellant relies on *Johnson v. State* and *Avila v. State* for the proposition that a defendant's testimony claiming self-defense precludes his being convicted of manslaughter because his act is intentional and not reckless. *Johnson v. State*, 915 S.W.2d 653, 659 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd); *Avila v. State*, 954 S.W.2d 830, 843 (Tex.App.-El Paso 1997, pet. ref'd). These cases do not stand for the proposition for which appellant cites them. The decisions in both *Avila* and *Johnson* concerned whether an instruction on the lesser included offense of manslaughter was justified, with both courts holding that it was not justified because, for a defendant to be entitled to that instruction, a jury would have to be able to find some evidence that would allow the jury to rationally find that if the defendant were guilty, he would be guilty only of that lesser included offense. *Avila* at 842; *Johnson* at 659. That is not a problem in this case.

Appellant's alternative argument concerning factual sufficiency is that his actions were not reckless because he caused harm to his intended target and thus he did not act in a reckless manner even though his intended target moved and a

third person was hit and killed. Recklessness occurs when:

> a person is aware of, but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX. PEN.CODE. ANN. § 6.03(c) (Vernon 2003). Here, appellant admits that he pointed a gun that he knew was loaded toward Delaney and Swain. His car was started and Delaney was moving toward the vehicle. Appellant knew both men were outside his car. Appellant testified that Swain was standing "right there, right on the side of [Delaney]" after the initial standoff. Further, appellant also testified that while he was shooting "[my] eyes was closed so tight so I didn't know nothing." Appellant was shooting with his left hand, which was not his dominant hand and which had been previously injured. We do not find that the evidence supporting appellant's conviction is so weak as to be clearly and manifestly unjust or that the conviction is against the great weight and preponderance of the available evidence. We overrule appellant's fifth point of error.

## Jury Charge Errors

### Criminally Negligent Homicide

Appellant, in his sixth point of error, asserts that the trial court erred when it denied his requested jury charge on the lesser included offense of criminally negligent homicide. A jury instruction on a lesser included offense is required only if the lesser offense is included within the proof necessary to establish the offense charged and some evidence exists in the record that, if the defendant is guilty, he is guilty only of the lesser included offense. *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App.1993). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Bignall v. State,* 887 S.W.2d 21, 23 (Tex.Crim.App. 1994). Criminally negligent homicide is a lesser included offense of murder. *Saunders v. State,* 840 S.W.2d 390, 391 (Tex. Crim.App.1992). Criminally negligent homicide requires that a person act with criminal negligence; criminal negligence involves inattentive risk creation: the actor should be aware of the risk surrounding his conduct or the results thereof. *Lugo v. State,* 667 S.W.2d 144, 147–48 (Tex.Crim.App.1984). Before a charge on criminally negligent homicide is proper, the record must contain evidence showing an unawareness of the risk. *Ybarra v. State,* 890 S.W.2d 98, 111 (Tex.App.-San Antonio 1994, pet. ref'd).

Appellant claims that the risk he was unaware of was that his intended victim would move or otherwise attempt to get out of the way of the shots being fired at him. Because appellant himself attempted to "move out of the way from Darryl Delaney and that gun," this argument lacks merit. We overrule appellant's sixth point of error.

### Voluntary Conduct

In his seventh point of error, appellant claims the trial court erred when it denied appellant's requested jury charge on voluntary conduct. Appellant contends that his actions were not voluntary because he was forced to shoot at Delaney when Delaney charged at him with a gun. " 'Voluntariness,' within the meaning of section 6.01(a) refers only to one's physical bodily movements." *Brown v. State,* 89 S.W.3d 630, 633 (Tex.Crim.App.2002). The issue of voluntariness of one's conduct, or bodily movements, is separate from the

issue of one's mental state. *Adanandus v. State,* 866 S.W.2d 210, 230 (Tex.Crim.App. 1993). Voluntarily "means the absence of an accidental act, omission or possession." *Alford v. State,* 866 S.W.2d 619, 624 (Tex. Crim.App.1993). Appellant does not claim that his physical movements were involuntarily made or accidental. We overrule appellant's seventh point of error.

**Conclusion**

We affirm the judgment of the trial court.