Shannon Eugene **HAYES**, Appellant,

v.

The **STATE** of Texas.

No. PD–0191–04.

Court of Criminal Appeals of Texas.

April 27, 2005.

Stanley G. Schneider, Houston, for Appellant.

David C. Newell, Assist. DA, Richmond, Matthew Paul, State's Attorney, Austin, for State.

### OPINION

HERVEY, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HOLCOMB and COCHRAN, JJ., joined.

In *Tate v. State*, we decided that Tex.R. Evid. 404(b) allowed a defendant claiming self-defense in a murder prosecution to present evidence of the deceased's prior threat against him. We found this evidence had noncharacter conformity relevance supporting the defendant's self-defense claim that the deceased was the first aggressor at the time of the offense. *See Tate v. State*, 981 S.W.2d 189, 193 (Tex.Cr. App.1998). In this case, we are asked to decide if our decision in *Tate* applies even when the deceased's prior conduct does not "implicate" the defendant.

The record reflects that three indictments were filed. The third indictment charged appellant with murder and with manslaughter. *See* Section 19.02, TEX. PEN.CODE (murder); Section 19.04, TEX. PEN.CODE (manslaughter).[1] The evidence shows that appellant shot and killed an innocent third party (Swain) while appellant was firing a gun in the general direction of Swain and another person (Delaney). Appellant claimed self-defense because Delaney was threatening him with deadly force, and the jury was instructed on self-defense as it applied to the murder charge. *See Hayes v. State*, 124 S.W.3d 781, 784–85 (Tex.App.-Houston [1st Dist.] 2003).[2] The jury was also instructed that self-defense did not apply to the manslaughter charge.[3] *See id.* The jury acquitted appellant of murder and convicted him of manslaughter. *See id.*

At trial, the trial court excluded appellant's proffered testimony of two witnesses (Bell and Paisley) who would have testified that Delaney had threatened them with a gun about two years before the incident in this case. *See id.*

> [DEFENSE]: There's [Bell and Paisley]. The proffer, I believe they're admissible, Your Honor, under Rule 404(b) to show the proof of a motive, opportunity, intent, preparation, plan, and lack of accident on the part of [Delaney] in attacking [Bell and Paisley] in a car, running up to a car after getting in a fight

with one. They're signature episodes of [Delaney], and I would request the opportunity to present both of them, or at least one of them, to describe the events that they saw and observed, and how he attacked them with a gun and tried to kill both of them. I believe they're admissible under 404(b).

> [STATE]: The State's response is that they're not admissible under 404(b), and that they're being offered to show that the witness acted in conformity therewith. They have no probative value as to show what the witness' intent was, what [Delaney's] intent was involving [appellant] who's on trial today. Also, the State contends that under a prejudicial analysis under 402 and 403, that the prejudicial value substantially outweighs the probative effects.

> [TRIAL COURT]: Is that an objection?

> [STATE]: It is, Your Honor. We object.

> [DEFENSE]: The State's not entitled to due process under course of law. Any balancing has to be in favor of [appellant], not the State, because it shows the way [Delaney] thinks and operates when there's alcohol involved and that he gets angry. So, I believe that under 404(b), it shows his modus operandi of not being afraid to attack two people when he's angry.

1. The first three paragraphs of this indictment charged murder and the fourth paragraph charged manslaughter.

2. The jury essentially was instructed to acquit appellant of murdering Swain if appellant had the right to use self-defense against Delaney.

3. Section 9.05, TEX. PEN.CODE, makes self-defense unavailable to a defendant who recklessly injures or kills an innocent third person. *See* Section 19.04(a) (defining

manslaughter as recklessly causing the death of an individual). In considering whether appellant was guilty of manslaughter, the jury was instructed as follows:

> Even though a defendant is justified in threatening or using force or deadly force against another, if in doing so he recklessly injures or kills an innocent third person, the justification afforded is unavailable in a prosecution for the reckless injury or killing of the innocent third person.

[TRIAL COURT]: Objection sustained. Anything else?

Appellant claimed on direct appeal that the excluded evidence of Delaney's prior aggression against Bell and Paisley was admissible under Rule 404(b) to show that Delaney was the first aggressor during the incident in which appellant shot and killed Swain. *See Hayes*, 124 S.W.3d at 786.[4] The Court of Appeals rejected this claim and decided:

> In *Tate*, a threat made by the victim toward the defendant could be introduced as evidence of the victim's state of mind and possibly his motive for the confrontation with the defendant. (Citation omitted). The testimony was probative of whether the victim was the initial aggressor, but it could be brought in for other purposes. (Citation omitted). In the instant case, the incident about which appellant wished to introduce testimony did not implicate appellant in any way. Delaney did not make any threat toward appellant, and Delaney did not indicate that he had any animosity toward appellant. The incident is not probative of Delaney's motivation or state of mind related to the confrontation with appellant.

*See Hayes*, 124 S.W.3d at 786.

We exercised our discretionary authority to review this decision. The ground upon which we granted discretionary review states:

> Whether this Court's decision in [*Tate*] requires the Defendant to have been "implicated" by the victim's prior bad act before such evidence is admissible under Rule 404(b)?

This Court's decision in *Tate* does not require a defendant to have been "implicated" by the victim's prior bad act before such evidence can be admissible under Rule 404(b). In *Torres v. State*, we applied *Tate* to decide that, in a murder prosecution where a defendant claims self-defense, the deceased's prior threats may be admitted, even though those threats were not directed at the defendant, "as long as the proffered [threats] explain the outward aggressive conduct of the deceased at the time of the killing, and in a manner other than demonstrating character conformity only." *See Torres v. State*, 71 S.W.3d 758, 761–62 (Tex.Cr.App.2002).

In this case, however, it is unnecessary to decide whether the evidence of Delaney's two-year-old specific acts of violence against Bell and Paisley was admissible under *Torres* and *Tate* because the only relevance of this evidence was to the murder charge of which the jury acquitted appellant.

The judgment of the Court of Appeals is affirmed.

KELLER, P.J., filed a concurring opinion in which JOHNSON and COCHRAN, JJ., joined.

KELLER, P.J., concurring in which JOHNSON and COCHRAN, JJ., joined.

The touchstone for the admissibility of extraneous "bad act" evidence is Texas Rule of Evidence 404(b). Pre-rules cases that conflict with the rule have been superseded.[1] The rule simply provides that extraneous bad acts are not admissible to prove character conformity but may be

---

4. We express no opinion on whether appellant preserved this claim in the trial court. *See* Tex.R.App. Proc., 33.1(a)(1)(A), (to preserve claim for appellate review, record must show that complaint was timely made to trial court with sufficient specificity to make trial court aware of the complaint).

1. *Tate v. State*, 981 S.W.2d 189, 192 (Tex. Crim.App.1998).

admissible for other purposes.[2] Post-rules cases such as *Tate v. State* will often expound a particular nonconformity purpose that allows admission of bad-acts evidence.[3] But the fact that evidence is *admissible* because of a particular set of circumstances does not mean that the evidence is *automatically inadmissible* if that particular set of circumstances is not present.

Before the court of appeals, appellant's only proffered bases for admitting the evidence were his knowledge of the victim's prior conduct and the generic tendency of this conduct to show that the victim was the first aggressor. Concluding that no evidence in the record showed that appellant was aware of the prior conduct at issue, the court of appeals rejected the first basis, and that holding is not before us.

In support of the second basis, appellant advanced two lines of authority: (1) *Tate* and (2) a line of cases beginning with *Dempsey v. State.*[4] Although the *Dempsey* line of cases held that evidence of prior bad acts was admissible to show that the alleged victim was the first aggressor based solely upon a character conformity inference, those holdings have been superseded by Rule 404(b).[5]

As for appellant's argument under *Tate,* the Court of Appeals explained that *Tate* involved "a threat made by the victim toward the defendant," which was relevant to show "the victim's state of mind and possibly his motive for the confrontation with the defendant."[6] By contrast, the court of appeals explained, the prior conduct in the present case had nothing to do with appellant:

> In the instant case, the incident about which appellant wished to introduce testimony did not implicate appellant in any way. Delaney did not make any threat toward appellant, and Delaney did not indicate that he had any animosity toward appellant. The incident is not probative of Delaney's motivation or state of mind related to the confrontation with appellant. Therefore, while appellant could introduce character evidence to suggest that [Delaney] was the aggressor, he could not introduce evidence of these specific acts and events because such evidence was not admissible for other purposes.[7]

I do not read the court of appeals's opinion to hold that *Tate* limited the admissibility of evidence to those instances in which the victim's prior bad acts implicated the defendant. Rather, I read the court of appeals as simply holding that *Tate* did not supply a basis for admitting appellant's evidence because his evidence was not like the evidence in that case, and no other basis for admitting the evidence was apparent.

Appellant failed to explain to the court of appeals, or to this Court, what admissible purpose his proffered evidence was relevant to, other than to cite to "first aggressor," and no other purpose is appar-

---

**2.** Rule 404(b) provides in relevant part:
Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

**3.** *See Tate, supra.*

**4.** 159 Tex.Crim. 602, 266 S.W.2d 875 (1954).

**5.** *Tate,* 981 S.W.2d at 192.

**6.** *Hayes v. State,* 124 S.W.3d 781, 786 (Tex. App.-Houston [1st Dist.] 2003).

**7.** *Id.*

ent. The only post-rules authority cited by appellant in the court below was *Tate,* and the court of appeals did a good job explaining why *Tate* was distinguishable from appellant's case.

I concur in the Court's judgment.