IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0191-04






SHANNON EUGENE HAYES, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


FORT BEND COUNTY





 Keller, P.J., filed a concurring opinion in which JOHNSON and
COCHRAN, JJ., joined.





 The touchstone for the admissibility of extraneous "bad act" evidence is Texas Rule of
Evidence 404(b). Pre-rules cases that conflict with the rule have been superseded. (1) The rule simply
provides that extraneous bad acts are not admissible to prove character conformity but may be
admissible for other purposes. (2) Post-rules cases such as Tate v. State will often expound a particular
nonconformity purpose that allows admission of bad-acts evidence. (3) But the fact that evidence is
admissible because of a particular set of circumstances does not mean that the evidence is
automatically inadmissible if that particular set of circumstances is not present. 

 Before the court of appeals, appellant's only proffered bases for admitting the evidence were
his knowledge of the victim's prior conduct and the generic tendency of this conduct to show that
the victim was the first aggressor. Concluding that no evidence in the record showed that appellant
was aware of the prior conduct at issue, the court of appeals rejected the first basis, and that holding
is not before us. 

 In support of the second basis, appellant advanced two lines of authority: (1) Tate and (2) a
line of cases beginning with Dempsey v. State. (4) Although the Dempsey line of cases held that
evidence of prior bad acts was admissible to show that the alleged victim was the first aggressor
based solely upon a character conformity inference, those holdings have been superseded by Rule
404(b). (5) 

 As for appellant's argument under Tate, the Court of Appeals explained that Tate involved
"a threat made by the victim toward the defendant," which was relevant to show "the victim's state
of mind and possibly his motive for the confrontation with the defendant." (6) By contrast, the court
of appeals explained, the prior conduct in the present case had nothing to do with appellant:

In the instant case, the incident about which appellant wished to introduce testimony
did not implicate appellant in any way. Delaney did not make any threat toward
appellant, and Delaney did not indicate that he had any animosity toward appellant. 
The incident is not probative of Delaney's motivation or state of mind related to the
confrontation with appellant. Therefore, while appellant could introduce character
evidence to suggest that [Delaney] was the aggressor, he could not introduce
evidence of these specific acts and events because such evidence was not admissible
for other purposes. (7)


 I do not read the court of appeals's opinion to hold that Tate limited the admissibility of
evidence to those instances in which the victim's prior bad acts implicated the defendant. Rather,
I read the court of appeals as simply holding that Tate did not supply a basis for admitting appellant's
evidence because his evidence was not like the evidence in that case, and no other basis for admitting
the evidence was apparent. 

 Appellant failed to explain to the court of appeals, or to this Court, what admissible purpose
his proffered evidence was relevant to, other than to cite to "first aggressor," and no other purpose
is apparent. The only post-rules authority cited by appellant in the court below was Tate, and the
court of appeals did a good job explaining why Tate was distinguishable from appellant's case.

 I concur in the Court's judgment.

 Keller, Presiding Judge 

Date filed: April 27, 2005

Publish 
1. Tate v. State, 981 S.W.2d 189, 192 (Tex. Crim. App. 1998).
2. Rule 404(b) provides in relevant part: 


Evidence of other crimes, wrongs or acts is not admissible to prove the character
of a person in order to show action in conformity therewith. It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident . . . .
3. See Tate, supra.
4. 159 Tex. Crim. 602, 266 S.W.2d 875 (1954).
5. Tate, 981 S.W.2d at 192.
6. Hayes v. State, 124 S.W.3d 781, 786 (Tex. App.-Houston [1st Dist.] 2003).
7. Id.