Affirmed and Memorandum Opinion filed February 7, 2008








Affirmed and Memorandum Opinion filed February 7, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00292-CR

_______________

 

LARRY JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 1043735

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Larry
Jones appeals his conviction for aggravated assault.  In four issues, he
contends (1) the trial court denied his constitutional rights to due process
and to present a defense by excluding evidence, (2) the trial court violated
his constitutional right to confrontation by improperly  limiting his
cross-examination of a witness, (3) the trial court erred by admitting certain
evidence, and (4) the State made improper jury argument.  All dispositive
issues are settled in law.  Accordingly, we issue this memorandum opinion and
affirm. See Tex. R. App. P. 47.4.


 








I.  Background

According
to the State=s evidence, Niya Knighton and appellant dated from May 2005 to September
2005, when they had a Abad break up,@ and appellant threatened to shoot her.  After midnight on
October 9, 2005, Niya and her cousins, Ashley Wooten and Terrika Parker,
visited two nightclubs in Houston.  Appellant drove around in the vicinity of
both clubs at some point during the women=s visits.  In the early morning
hours, the women began to drive home.  When they stopped at an intersection,
appellant=s car was next to them in a left-turn-only lane.  The women proceeded
straight through the intersection when the light turned green.  Appellant
quickly swerved in behind them and shot at their vehicle.  Terrika, who was
riding in the back seat, sustained a non-fatal gunshot wound to the back of her
head.

In
contrast, appellant testified he did not go to the first club on the night at
issue.  However, appellant agreed he went to the premises of the second club,
where he passed the women=s vehicle as he entered the parking lot.  After leaving this
club, he went home.  Appellant denied driving to the intersection at issue,
following the women, or shooting at their vehicle.

A jury
found appellant guilty of aggravated assault of Terrika Parker and sentenced
him to six years= confinement.

II.  Constitutional Rights to Due Process and to
Present a Defense

In his
first issue, appellant contends the trial court denied his rights under the
United States Constitution to due process and to present a defense by limiting
his cross-examination of Niya Knighton and excluding some of appellant=s own proffered testimony.








During
cross-examination of Niya, appellant asked if she had ever caught him with
another woman and whether he had ever called the police due to her actions. 
The trial court=s sustained the State=s objections to both questions.  Out
of the jury=s presence, appellant suggested he wished to cross-examine Niya regarding
incidents in which the police removed her from his home.  The trial court ruled
the proffered testimony was irrelevant.            Subsequently, appellant
testified his relationship with Niya was Acasual,@ and he ended the relationship due to
a certain incident.  Out of the jury=s presence and during a subsequent
offer of proof, appellant informed the trial court he wished to testify
regarding several incidents in which he called the police based on Niya=s actions, including an occasion when
she came to his home and found him with another woman.  The trial court ruled
that appellant could not testify regarding specific incidents of bad conduct
but could testify he has called the police based on Niya=s actions.  However, the trial court
warned that introduction of this testimony would open the door for the State to
establish Niya had another assault case pending against appellant. Thereafter,
appellant did not testify that he has called the police based on Niya=s actions.

Appellant
contends the trial court violated his constitutional rights to due process and
to present a defense by excluding the proffered testimony of Niya and appellant
because the incidents were relevant to demonstrate Niya was biased and had a
motive to lie.  According to appellant, the basis of his defense was that Niya
and the other women falsely claimed he followed them and shot at their vehicle
because Niya was a scorned lover.[1]  








However,
appellant waived these constitutional complaints by failing to raise them in
the trial court.  To preserve error for appellate review, the complaining party
must make a timely, specific objection or request and obtain an adverse
ruling.  See Tex. R. App. P. 33.1(a); Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002).  The proponent of excluded evidence must also
have made the substance of the offered evidence known to the court through a
bill of exception or offer of proof, unless the substance is apparent from the
context in which the evidence was offered.  See Tex. R. Evid.
103(a)(2).  Moreover, the objection or request at trial must comport with the
complaint presented on appeal.  Wilson, 71 S.W.3d at 349.  Even
constitutional errors may be waived by failure to object at trial.  Broxton
v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). 

At
trial, appellant argued that the incidents at issue were relevant because they
demonstrated Niya was biased and had a motive to lie.  However, appellant never
asserted that exclusion of this allegedly relevant evidence would rise to the
level of a violation of his constitutional rights to due process and to present
a defense.  Accordingly, appellant waived his constitutional complaint.  See
id. (holding defendant failed to preserve complaint that he was denied
constitutional rights to present a defense and to due process and due course of
law where trial objection was based on rules of evidence);  Hayes v. State,
124 S.W.3d 781, 786B87 (Tex. App.CHouston [1st Dist.] 2003), aff=d, 161 S.W.3d 507 (Tex. Crim. App. 2005) (holding
appellant failed to preserve complaint that trial court=s exclusion of evidence denied his
constitutional right to due process by preventing him from presenting a defense
because he argued at trial only that evidence was admissible based on various
rules concerning relevancy).  We overrule appellant=s first issue.

III.  Right to Confrontation

In appellant=s second issue, he contends the trial
court violated his right to confrontation under the United States Constitution
by limiting his cross-examination of Niya Knighton.  Appellant again refers to
the testimony he wished to elicit from Niya regarding alleged incidents in
which appellant called the police due to her actions.  








Appellant
also failed to preserve error on this complaint.  As we have explained, at
trial, appellant asserted the incidents were relevant to demonstrate Niya=s alleged bias and motive to lie. 
However, appellant did not inform the trial court that cross-examination
regarding these incidents was required under the Confrontation Clause.  A party
must specifically articulate that the Confrontation Clause demands admission of
proffered evidence to preserve error on this ground.  See Reyna v.
State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005).  Therefore, appellant
waived his Confrontation Clause complaint.  See id. (holding
defendant=s suggestion to trial court that testimony he wished to elicit from
complainant was not hearsay, should not be excluded under evidentiary rules
pertaining to relevancy, and was offered to challenge complainant=s credibility did not preserve
appellate complaint that Confrontation Clause demanded admission of
testimony).  Accordingly, we overrule appellant=s second issue.

IV.  Admission of Bullet

In his
third issue, appellant contends the trial court erred by admitting a bullet
that had been removed from Terrika Parker=s head because it was not properly
authenticated pursuant to Texas Rule of Evidence 901.  See Tex. R. Evid.
901.  Terrika testified that, when she was treated at the hospital
immediately after the shooting, doctors decided not to remove the bullet
because of the risk involved in the procedure.  However, Terrika testified that
a doctor removed the bullet about a month later because she was experiencing
difficulties.  Terrika brought the bullet to trial, and it was admitted,
despite appellant=s objection that it was not properly authenticated.

We need
not decide whether the trial court erred by admitting the bullet because any
error was harmless.  Error under the rules of evidence in admission of evidence
is nonconstitutional error.  Gandy v. State, 222 S.W.3d 525, 532 (Tex.
App.CHouston [14th Dist.] 2007, pet. ref=d) (citing Johnson v. State, 967
S.W.2d 410, 417 (Tex. Crim. App. 1998)).  We must disregard
nonconstitutional error that does not affect the appellant=s substantial rights.  Tex. R. App.
P. 44.2(b); Gandy, 222 S.W.3d at 532.  A substantial right is affected
when the error had a substantial and injurious effect or influence in
determining the jury=s verdict.  Gandy, 222 S.W.3d at 532 (citing King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)).








Appellant
suggests that Terrika was not shot; thus, admission of the bullet was harmful
because it proved she was indeed shot.  Appellant notes that the records
concerning Terrika=s treatment at the hospital on the day of the incident
reflect a diagnosis of AGSW to head - no injury.@  However, reviewing the records as a
whole, this entry clearly reflects that Terrika sustained a gunshot wound, but
it caused no significant injuries.  Moreover, records from the doctor who later
removed the bullet were admitted at trial and confirm that this procedure
occurred.  Further, Terrika testified she was shot in the head.  Finally,
photographs of Terrika=s head showing the entry wound were admitted at trial. 
Therefore, the jury heard ample proof that Terrika was shot even without
admission of the bullet.  Accordingly, any error in admitting the bullet did
not have a substantial and injurious effect or influence in determining the
jury=s verdict. We overrule appellant=s third issue.

V.  Jury Argument 

In his
fourth issue, appellant contends that, in two instances, the State made jury
argument that violated appellant=s right to due process and was
improper under Texas law. First, appellant complains regarding the following
argument: 

Directions
and time?  Is that the only case they=re
going to bring you? To ask you to find someone not guilty when someone=s shot in the back of a head.

[APPELLANT=S COUNSEL]:          Objection, Judge.  That=s shifting the burden on the defense.

[THE
STATE]:            Judge, they have chosen to put on a case.

THE COURT:            Overruled.

Is that the only evidence they=re going to bring you to say that the
defendant is not guilty?  Well, no. They put the defendant on the stand, too .
. .








            Appellant
contends the State improperly placed the burden of proof on appellant by
suggesting he was obligated to negate guilt.  We disagree.  The State may
comment on a defendant=s failure to produce witnesses and evidence so long as the
State does not fault the defendant for exercising his right not to testify.  Jackson
v. State, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000); see Patrick v.
State, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995).  In addition, the four
general areas for proper jury argument are (1) summation of the evidence, (2)
reasonable deduction from the evidence, (3) answers to argument of opposing
counsel,  or (4) pleas for law enforcement.  Jackson, 17 S.W.3d at 673; Wright
v. State, 178 S.W.3d 905, 929 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).

During
appellant=s earlier closing argument, he attacked the credibility of Niya, Terrika,
and Ashley by emphasizing alleged inaccuracies or inconsistencies in their
testimony concerning the time and location of the shooting.  Therefore, the
State countered with the argument at issue.  The State obviously did not
reference any failure by appellant to testify because he did testify. 
Rather, the State suggested that appellant presented no other evidence
to support his version, so he resorted to challenging the women=s credibility based on insignificant
details.  This suggestion was a reasonable deduction from the evidence and a
response to appellant=s argument.  Accordingly, the argument was not improper.  See
Jackson, 17 S.W.3d at 674 (holding State did not make improper jury
argument by commenting on defendant=s failure to present expert testimony
to counter State=s DNA evidence linking defendant to the offense). 

Appellant
also complains about the following argument:

What about all these friends we heard everything
about, these buddies that he saw that night and all these friends?  I had a
friend with me in the car.  We had a recess yesterday for the purpose of
bringing a witness B  

[APPELLANT=S COUNSEL]:  Objection, Judge.
Improper argument, Judge.  That=s something that was not before the jury and it=s not evidence. 

[THE STATE]:            You told the jury yesterday
afternoon.

THE COURT:            You want to rephrase.

The defendant has talked about all these friends that
he was going to - - that were there with him and he=s decided to put on a case.  He=s decided to put on a defense.  The
defendant has equal subpoena power to the State to bring people to this court
and force them to testify.  To tell them, you were there, you tell the truth
about what you saw.








However,
appellant waived his complaint regarding this argument.  To preserve error
regarding allegedly improper jury argument, a party must both object and pursue
the objection to an adverse ruling.  Cockrell v. State, 933 S.W.2d 73,
89 (Tex. Crim. App. 1996); Whitmire v. State, 183 S.W.3d 522, 530 (Tex.
App.CHouston [14th Dist.] 2006,  pet. ref=d).  If the trial court refuses to
rule on the objection,  an appellant may still preserve error by objecting to
the refusal.  See Tex. R. App. P. 33.1(a)(2)(B); Whitmire, 183
S.W.3d at 530B31. If the trial court sustains the objection, the party must request an
instruction to disregard when the prejudice resulting from the improper
argument is curable.  See Cruz v. State, 225 S.W.3d 546, 548 (Tex. Crim.
App. 2007);  McGinn v. State, 961 S.W.2d 161, 165 (Tex. Crim. App.
1998).  If the prejudice arising from an erroneous jury argument is incurable,
a motion for mistrial is sufficient to preserve error.  See Cruz, 225
S.W.3d at 548;  McGinn, 961 S.W.2d at 165.

Appellant
objected to the first portion of the argument at issue, but he did not obtain
an adverse ruling when the trial court effectively ordered the State to
rephrase.  Further, he did not object to lack of an adverse ruling.  To the
extent the trial court=s order that the State rephrase constituted a ruling
sustaining appellant=s objection, he nonetheless failed to preserve error because
he did not request an instruction to disregard or a mistrial.

Appellant
did not make any objection to the second portion of the argument at issueC when the State rephrased. 
Accordingly, appellant failed to preserve error with respect to this argument. 
We overrule his fourth issue.

The
judgment of the trial court is affirmed.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion filed
February 7, 2008.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Although the women gave substantially similar
testimony regarding events before the shooting, they had different perspectives
of the shooting.  However, in essence, Niya and Terrika both testified that appellant
shot at their vehicle. Ashley, the driver did not look back after appellant
followed the women through the intersection, so she did not provide any details
of the shooting.