Opinion issued June 2, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00132-CR

———————————

Mercedes Antonio Menjivar, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 262nd District Court

Harris County, Texas



Trial Court Case No. 1206158

 



 

MEMORANDUM OPINION

A jury found appellant, Mercedes Antonio Menjivar, guilty of murder and
assessed his punishment at thirty-seven and one-half years in prison and
a ten-thousand dollar fine.  Menjivar’s sole point of appeal contends that
the trial court violated his constitutional right to present a complete defense
when it refused to permit him to develop his theory that the complainant was a
drug user and his death was the result of a dispute over a drug
transaction.  We affirm.

Background

The complainant, Noe Fuenes, was dining with his uncle, Freddy
Aguilar, at a local Houston restaurant
one evening when Fuenes began conversing with a man later identified as
appellant’s brother and co-defendant, Pedro “Huevo” Ronaldo
Menjivar-Orellana.  At the end of their
meal, Fuenes gave his uncle his car keys and money to pay for dinner, and then
left with Huevo.  Fuenes accompanied
Huevo to Jose Martinez’s mother’s apartment where they met up with Martinez,
appellant, Luis “Espiri” Abraham Requeno-Portillo, and several other
individuals. 

 Although the testimony conflicts
as to what happened thereafter, it is undisputed that Fuenes’s corpse, with
multiple cuts and stab wounds, was discovered the next morning in a field, as
was a knife stained with what was later determined to be
Fuenes’s and appellant’s blood.  After interviewing several witnesses,
including Martinez, Rodil Alejandro Cruz-Valdez, and Jose Antonio Miguel
Orellana, the police identified appellant, Huevo, and Espiri as suspects in
Fuenes’s murder.  Appellant’s DNA was found under Fuenes’s finger nails. 

 

 

Discussion

In one issue on appeal, Menjivar complains that the trial court violated
his constitutional right to present a complete defense when it refused to
permit him to develop his alternative perpetrator theory or cross-examine three
witnesses regarding possible bias or motive to falsely accuse him.  In support, Menjivar identifies several instances where
the trial court either prohibited him from eliciting testimony regarding
Fuenes’s drug use, drug-related debts, and/or violent history, or prevented him
from questioning several of the State’s
witnesses regarding outstanding debts that two of those witnesses
allegedly owed to appellant’s brother.

Defense counsel argued that the evidence of Fuenes’s drug use
was relevant to Menjivar’s theory that one or more of several others could have
killed Fuenes and evidence of the witnesses’ debts established their bias or
motive to lie.  The State’s relevancy objections
to such testimony were countered by the defense with arguments based upon the
Rules of Evidence, not per a violation of Menjivar’s constitutional right to
present a defense.  See Potier v. State,
68 S.W.3d 657, 663 (Tex. Crim. App. 2002) (stating that erroneous evidentiary rulings rarely rise to the level of denying a
defendant his constitutional right to present a
meaningful defense).  As a result of Menjivar’s failure to timely
object on constitutional grounds, Menjivar has failed to preserve his complaint
for appellate review.  See Broxton
v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding
defendant failed to preserve complaint that he was denied constitutional rights
to present a defense and to due process and due course of law where trial
objection was based on rules of evidence); Hayes
v. State, 124 S.W.3d 781, 786-87 (Tex. App.—Houston [1st Dist.] 2003), aff’d, 161 S.W.3d 507 (Tex. Crim. App.
2005) (holding appellant failed to preserve complaint that trial court’s
exclusion of evidence denied his constitutional right to due process by
preventing him from presenting a defense because he argued at trial only that
evidence was admissible based on various rules concerning relevancy); see also Anderson v. State, 301 S.W.3d
276, 280 (Tex. Crim. App. 2009) (recognizing that deprivation of meaningful
opportunity to present complete defense is right subject to forfeiture). 

We overrule
appellant’s first issue.

Conclusion

We
affirm the judgment of the trial court.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).