**Affirm and Memorandum Opinion filed April 21, 2016.**



In The

# Fourteenth Court of Appeals

NO. 14-15-00254-CR

**ALFREDO RAMIREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1396938**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Alfredo Ramirez of felony assault on a family member.[1] The court sentenced him to twenty years' confinement. From that judgment, appellant brings this appeal raising two issues: (1) the trial court erred by limiting cross-examination to exclude evidence of the complainant's alleged bias and motive to testify falsely in violation of appellant's rights under the Confrontation Clause of the United States Constitution; and (2) the recusal-hearing judge erred by

---

[1] We have redacted personally-identifying information of the complainant of family violence. *See* Tex. Code Crim. Proc. Ann. art. 57B.03(a) (West 2014).

failing to recuse a visiting judge based on the visiting judge's prior relationship with defense counsel. We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The complainant met appellant in August 2010, when the complainant worked as a shipping clerk in Georgia and appellant was a truck driver from Houston. The complainant married appellant, had a daughter with him, and moved to Houston in February 2011. By July, 2013, their living situation had deteriorated; appellant had been out of work, they were living in a motel, and they were surviving by panhandling. At that time, their daughter, M.R., was 17-months old.

In response to a call regarding M.R.'s living conditions, on July 16, 2013, Latoya Wright, a social worker from Child Protective Services ("CPS"), made a visit to the couple's motel room. Wright met the complainant and M.R. and noticed the room had one bed, a small, empty refrigerator, and some canned goods. The complainant had a broken arm and acted nervous; she denied any abuse. Wright asked the complainant to contact appellant and ask him to return to the motel. When appellant returned to the motel, he became "hostile" and "argumentative" with Wright, blaming the motel owners for the facilities. At the end of the meeting, the complainant and appellant agreed to temporarily place M.R. with appellant's mother through CPS. Wright invited the complainant to follow her to appellant's mother's house and to assist M.R but when appellant signaled her not to go, the complainant declined.

The complainant sat on the edge of the bed in the motel room and through the window watched Wright drive away with M.R. The complainant testified that is when appellant attacked her; he straddled her on the bed and covered her face with a pillow, blocking her mouth and nose. According to the complainant's trial testimony, she could not breathe and felt a ringing sensation in her ears. She struggled to fight

2

him off, which was difficult due to the complainant's broken arm. When the pillow came off the complainant's face, appellant grabbed the back of the complainant's hair. Appellant put his other hand around the complainant's throat and applied pressure to her throat and neck. The complainant testified that she could not breathe. She further stated that the episode caused her pain, ringing in her ears, and dizziness. The complainant broke free from appellant and ran out of the door to her truck in the parking lot.

The complainant went to stay with a family friend. The next day, she called Wright and told her what had happened. The complainant's throat was raspy and hoarse. The complainant did not immediately report the incident to the police. She was reluctant to file charges against appellant while M.R. was living with appellant's mother, in part, because appellant had family all over Mexico. The complainant was afraid that she would never see M.R. again if she filed charges against appellant before her daughter was in a safer CPS location.

After the incident in the motel room, the complainant received numerous text messages from appellant. In the texts, appellant expressed remorse for hurting the complainant. In one text, he wrote, "Don't be scared, please. If you truly don't want me anymore, I understand. Just stop punishing me. God knows I never meant to hurt you. It just got out of hand. I do need therapy, Xanax or something." According to the complainant, after speaking with the CPS caseworker, she quit responding to appellant's texts and filed for a protective order. On July 26, 2013, M.R. was released from appellant's mother to a friend of the complainant's. On August 1, 2013, the complainant reported the motel incident to the Houston Police Department. She reported to police that appellant had broken her arm previously.

Appellant was charged with felony assault on a family member. When the case was called to trial on Friday, May 16, 2014, the parties conducted voir dire and a jury

3

was selected with trial to resume on Tuesday, May 20, 2014. On Monday, May 19, 2014, the parties were notified that Judge Mendoza, who had been presiding, had become ill and that a visiting judge, Judge Brian Rains, had been appointed to preside over the trial. Appellant objected to Judge Rains' assignment and filed a motion to recuse. Judge Rains declined to recuse himself and referred the issue to an administrative judge for further action. After conducting a hearing, the administrative judge, Judge Carroll Wilborn, denied appellant's motion to recuse.

The trial resumed with Judge Rains presiding. The jury found appellant guilty of assault of a family member by impeding breathing. Several months later, on March 2, 2015, Judge Mendoza sentenced appellant to an enhanced punishment of twenty years' confinement. Appellant now challenges his conviction in this appeal.

## II. ISSUES AND ANALYSIS

### A. Did the reviewing judge abuse his discretion by denying appellant's motion to recuse?

#### 1. Standard of review

We review the denial of a motion to recuse under an abuse-of-discretion standard. *DeLeon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004); *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993). A court abuses its discretion only if its ruling is outside the "zone of reasonable disagreement" or if it fails to apply proper guiding rules and principles. *Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992); *see Gaal v. State*, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011). Absent a clear showing to the contrary, we presume the trial court was neutral and detached. *See Steadman v. State*, 31 S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).

4

## 2. The rules governing recusal

A Texas judge may be removed from a case if the judge is (1) constitutionally disqualified, (2) subject to a statutory strike, (3) subject to statutory disqualification, or (4) subject to recusal under rules promulgated by the Supreme Court of Texas. *Gaal*, 332 S.W.3d at 452; *Rhodes v. State*, 357 S.W.3d 796, 799 (Tex. App.—Houston [14th Dist.] 2011, no pet.).  Rule 18b(2) of the Texas Rules of Civil Procedure sets forth the law specifically pertaining to recusal of judges, including recusals in criminal proceedings.  Tex. R. Civ. P. 18b(2); *Gaal*, 332 S.W.3d at 452–53 & n. 12.  The rule states in relevant part:

> A judge shall recuse himself in any proceeding in which: (a) his impartiality might reasonably be questioned; [or] (b) he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

Tex. R. Civ. P. 18b(2).  Subsection (a) generally applies only when it appears that the judge "harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Gaal*, 332 S.W.3d at 453 (quoting *Liteky v. United States*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring)); *accord Rhodes*, 357 S.W.3d at 799–800.  Subsection (b) more specifically addresses what the judge knows and feels.  *Id.*

Recusal is generally not required purely on the basis of judicial rulings, remarks, or actions, as they would not on their own typically "evidence the degree of favoritism or antagonism required;" these usually will be grounds for reversal if in error, but not for recusal.  *Gaal*, 332 S.W.3d at 454 (quoting *Liteky*, 510 U.S. at 555). On the other hand, recusal is appropriate if the facts are such that a reasonable person would harbor doubts as to the impartiality of the trial judge.  *Kemp*, 846 S.W.2d at 305.  The evidence must be sufficient to overcome the presumption of judicial impartiality.  *See Kemp*, 846 S.W.2d at 306; *Abdygapparova v. State*, 243 S.W.3d

5

191, 198–99 (Tex. App.—San Antonio 2007, pet. ref'd). Further, the bias must be "of such nature, and to such extent, as to deny the defendant due process of law." *Kemp*, 846 S.W.2d at 305; *see also Abdygapparova*, 243 S.W.3d at 199 (noting that this is a "high standard"). The presiding judge at a recusal hearing determines the credibility of the evidence.

### 3. No abuse of discretion by the reviewing judge.

At the recusal hearing, appellant argued that recusal of Judge Rains was proper and that a reasonable person would have doubts about Judge Rains' impartiality for two reasons: (1) appellant's counsel, before 2008, was successful in recusing Judge Rains from a matter and filing a grievance against Judge Rains;[2] and (2) in or around 2008, appellant counsel's wife ran for judicial office and lost against Judge Rains in the Republican primary. Appellant failed to provide any documentary proof of these events.

Judge Rains testified that there was no reason he could not be fair in the proceeding, a statement noted by the reviewing judge when he denied the motion to recuse. Moreover, Judge Rains did not testify to any personal bias against appellant or his attorney in this case, and did not testify to any lingering hostility against appellant's attorney based on the past proceedings, which occurred more than six years before appellant's trial.

As set forth in the record, the reviewing judge followed appropriate guiding rules and principles and reached a decision based on information presented at the hearing that was within the zone of reasonable disagreement. *See Kemp*, 846 S.W.2d at 306; *Abdygapparova*, 243 S.W.3d at 197–98. Under these circumstances, it was within the reviewing judge's discretion to deny appellant's motion to recuse. *See id*.

---

[2] These matters took place before 2008, and involved the manner in which Judge Rains handled bond and other matters in aggravated sexual-assault cases.

Therefore, we overrule appellant's second issue.

**B.    Did appellant preserve error regarding his Confrontation-Clause complaint?**

In his first issue, appellant asserts that his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution were violated during the guilt-innocence phase when the trial court limited cross-examination of the complainant.  During cross-examination, appellant's counsel made several attempts to ask the complainant questions about her children in Georgia, including whether the State of Georgia took the complainant's daughters away from her "back in the late '90's" for neglect, how the complainant's daughters ended up living with other people, how long her daughters lived apart from her, and, in reference to Wright's visit, "that's not the first time you've had contact with Protective Services regarding children of any state . . . ."

Each time appellant attempted to broach the subject of the complainant's then-adult children in Georgia, the prosecutor objected based on relevance or speculation and the trial court sustained the objection.  The trial court instructed appellant's counsel to move along.  On a few occasions, contemporaneous to the judge's instruction to keep moving forward in the case, appellant's counsel requested a hearing outside the presence of the jury, which the trial court denied.  Appellant did not raise any constitutional issue during these exchanges.  Nor did appellant mention the Confrontation Clause or assert any other constitutional complaint.  Appellant did not voice any complaint that his rights were being violated by the trial court's limitation on cross-examination.

### 1.    Failure to object with sufficient specificity

A defendant must preserve error in the trial court to argue on appeal that his right to confront witnesses was violated.  *Anderson v. State*, 301 S.W.3d 276, 280

(Tex. Crim. App. 2009); Tex. R. App. P. 33.1(a)(1). To preserve error, a defendant must make a timely, specific objection. *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009); *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd) (holding that error must be preserved as to complaint based on Confrontation Clause by a timely and specific objection). A minor reference to cross-examination is insufficient to preserve a Confrontation-Clause objection if the objection made in the trial court could encompass an evidentiary objection as well as a Confrontation–Clause objection. *Austin v. State*, 222 S.W.3d 801, 811 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

Appellant's generalized objection and request for a hearing outside the presence of the jury regarding the limitations on cross-examination of the complainant (*i.e.,* excluding cross-examination related to her involvement with child-protective authorities in Georgia in the late-1990's) is insufficient to preserve an error based on the Confrontation Clause. *See Austin*, 222 S.W.3d at 811; *Stewart v. State*, 995 S.W.2d 251, 255 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (failure to object on constitutional grounds waives error).

## 2. Failure to raise timely objection

A party must assert the objection as soon as the basis for it becomes apparent. Tex. R. Evid. 103(a)(1); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011); *see Lackey v. State*, 364 S.W.3d 837, 843–44 (Tex. Crim. App. 2012) (discussing policies underlying the timeliness requirement); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the

defendant." (citations omitted)); *Reyes v. State*, 361 S.W.3d 222, 228–29 (Tex. App.—Fort Worth 2012, pet. ref'd).

Appellant waited until after the State had rested before asserting that the trial court had violated his constitutional rights by excluding certain testimony and evidence during cross-examination of the complainant. Only after counsel completed the jury charge conference and the trial judge asked if counsel had any other issues before the jury did appellant's counsel respond, stating as follows:

> Yes, sir. I'd like to state that by limiting the cross-examination of the [the complainant] Your Honor, during the State's case in chief, we submit that that ruling, with regard to any questions pertaining to the additional children of [complainant], was a denial of the defendant's constitutional right to confront, cross-examine his accuser. That violates his Sixth and, I believe, 14th Amendments to the United States Constitution, by improperly limiting cross-examination. As well as, Article 1, Section 10, of the Texas Constitution. It also denies the defendant the right to fully and adequately present his defense. Again, in violation of the Sixth and 14th Amendments to The United States Constitution, Article 1, Section 10 of the Texas Constitution. Which I believe, also guarantees a defendant due process of law. That is, a fair trial and the ability to present his defense. What I want to do is make an offer of proof with regard to what I would have asked [complainant], when she appeared as a witness for the State during cross-examination. My purpose for asking these questions –

Appellant counsel's belated attempt to raise a Confrontation-Clause violation did not preserve error. An objection must be made as soon as the basis for the objection becomes apparent. *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App.), *cert. denied*, 522 U.S. 917 (1997).

Because appellant neither lodged a specific nor timely objection based on the Confrontation Clause during the cross-examination of the complainant, he has failed to preserve his complaint for appellate review. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) (deprivation of meaningful opportunity to present

complete defense is right subject to forfeiture); *see also Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (appellant forfeited claim he was denied right to present defense and right to due process and due course of law under federal and state constitutions because he failed to lodge proper objection at trial); *see also Hayes v. State*, 124 S.W.3d 781, 786–87 (Tex. App.—Houston [1st Dist.] 2003), *aff'd,* 161 S.W.3d 507 (Tex. Crim. App. 2005) (appellant failed to preserve complaint that exclusion of evidence denied constitutional right to due process by preventing presentation of complete defense because different argument raised at trial). Accordingly, we overrule appellant's first issue.

## III. CONCLUSION

The visiting judge did not abuse his discretion in denying appellant's motion to recuse. Appellant did not preserve error regarding his objection under the Confrontation Clause. Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justice Boyce and Justice Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).