

**NUMBER 13-08-00409-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MANUEL CHAPA GARCIA,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                   **Appellee.**

---

**On appeal from the 214th District Court
of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Manuel Chapa Garcia challenges his conviction for manslaughter following a jury trial, for which he was sentenced to ten years' incarceration. *See* TEX. PENAL CODE ANN. § 19.04 (Vernon 2003). By one issue, Garcia argues that the trial court denied his due process rights under the United States Constitution when it refused to allow

him to present evidence at trial, related to his self-defense theory, that the deceased was the first aggressor. We affirm.

## I. BACKGROUND[1]

Garcia was indicted for murder in connection with an altercation at a Denny's restaurant in Corpus Christi, Texas, in which he punched the deceased who fell back, hit his head, and died from that injury. At trial, Garcia raised the issue of self-defense, arguing that the deceased was the first aggressor. The jury was charged on the indicted offense of murder and also on the lesser-included offenses of aggravated assault, manslaughter, and criminally negligent homicide. A self-defense instruction was included in the jury charge. The jury returned a guilty verdict on manslaughter alone, sentenced Garcia to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, and assessed a $10,000 fine. This appeal followed.

## II. DISCUSSION

By one issue, Garcia complains that his constitutional rights were violated by the trial court's exclusion of evidence of the deceased's prior violent acts, which he argues would have shown that the deceased was the first aggressor and was thus relevant and vital to Garcia's self-defense theory.

The exclusion of a defendant's evidence can amount to a violation of the right to compel the attendance of witnesses in the defendant's favor, but not every erroneous exclusion of a defendant's evidence amounts to a constitutional violation. *Potier v. State*, 68 S.W.3d 657, 659 (Tex. Crim. App. 2002) (en banc); *see* U.S. CONST. amend. VI.

---

[1]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

There are two circumstances in which the improper exclusion of evidence may establish a constitutional violation: (1) when a state evidentiary rule categorically and arbitrarily prohibits the defendant from offering relevant evidence that is vital to his defense; or (2) when a trial court erroneously excludes relevant evidence that is a vital portion of the case and the exclusion effectively precludes the defendant from presenting a defense.

*Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005) (citing *Potier*, 68 S.W.3d at 659-62; *Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002)).  If the error is found to be of constitutional proportions, we "must reverse [the] judgment of conviction or punishment unless [we] determine[] beyond a reasonable doubt that the error did not contribute to the conviction or punishment."  TEX. R. APP. P. 44.2(a).

"A defendant in a homicide prosecution who raises the issue of self-defense may introduce evidence of the deceased's violent character."[2]  *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002) (citing TEX. R. EVID. 404(a)(2); *Tate v. State*, 981 S.W.2d 189, 192-93 (Tex. Crim. App. 1998) (en banc); *Thompson v. State*, 659 S.W.2d 649, 653 (Tex. Crim. App. 1983)).  In this case, however, Garcia was convicted of manslaughter, an offense for which the affirmative defense of self-defense is unavailable.

A person commits the offense of manslaughter "if he recklessly causes the death of an individual."  TEX. PENAL CODE ANN. 19.04(a).  The penal code makes self-defense unavailable to a defendant who recklessly injures or kills an innocent third person; in other words, self-defense requires intentional conduct.  *See id.* § 9.05 (Vernon 2003), § 9.31

---

[2]This evidence may be introduced in the form of opinion or reputation testimony to prove the victim acted in conformity with his violent nature.  TEX. R. EVID. 405(a).  A defendant may introduce specific violent acts of misconduct to show the reasonableness of his fear or that the deceased was the first aggressor, but to be admissible, those acts must be relevant apart from their tendency to show character conformity.  *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002) (citing TEX. R. EVID. 404(b); *Mozon v. State*, 991 S.W.2d 841, 845-46 (Tex. Crim. App. 1999); *Tate*, 981 S.W.2d at 193)).  "[S]pecific, violent acts are relevant apart from showing character conformity" if the acts "demonstrat[e] the deceased's intent, motive, or state of mind."  *Id.* at 760-61 (citations omitted).

3

(Vernon Supp. 2009). One cannot "recklessly" act in self-defense. *See id.* §§ 9.05, 9.31; *see also Hayes v. State*, 161 S.W.3d 507, 508 n.3 (Tex. Crim. App. 2005). It is therefore unnecessary for this Court to decide whether the evidence of the deceased's past specific acts of violence was admissible and the trial court's decision to exclude it was erroneous—here, Garcia appeals his conviction for manslaughter, and the only relevance of this evidence was to the murder charge, for which Garcia was acquitted by the jury.[3] *See Hayes*, 161 S.W.3d at 509 (refusing to reach appellant's claim that the trial court erred in excluding past acts of violence by the deceased because the jury acquitted appellant of murder and convicted him of manslaughter alone); *see also Fuller v. State*, No. 01-06-01077-CR, 2008 WL 4427653, at *4 (Tex. App.–Houston [1st Dist.] Oct. 2, 2008, no pet.) (mem. op., not designated for publication) (holding that jury could not have found that appellant acted in self-defense after determining that he acted recklessly because self-defense does not apply to a reckless act). We overrule Garcia's issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 25th
day of August, 2010.

---

[3]We note that in some cases, under facts and circumstances not present here, evidence raising a manslaughter instruction may not preclude the application of a self-defense instruction. *See, e.g., Jordan v. State*, 782 S.W.2d 524, 527 (Tex. App.–Houston [14th Dist.] 1989, pet. ref'd) (stating that Texas law allows a "charge on self-defense when raised by the evidence, even if the accused claims he did not intentionally pull the trigger") (citing *Harris v. State*, 101 Tex. Crim. 33, 274 S.W. 568, 569 (1925)) (other citations omitted).