**Opinion filed April 29, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00123-CR

_____

### ROY TONCHE CARRION, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 10893-D**

## O P I N I O N

The jury convicted Roy Tonche Carrion of possession of methamphetamine with intent to deliver and, after finding that two enhancement paragraphs were true, assessed his punishment at confinement for thirty-five years and a fine of $3,000. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010). The trial court sentenced him accordingly. We affirm.

In Appellant's first and second issues, he argues that the trial court abused its discretion and thereby denied Appellant his Sixth Amendment right to present a

defense. First, he bases that claim on the trial court's refusal to allow the jury to see the police video of the March 11, 2013 traffic stop of Appellant's vehicle. He also bases his claim on the trial court's refusal to allow evidence that a witness, Sonny Flores, avoided service of a subpoena. In Appellant's third issue, he argues that the trial court abused its discretion when it denied Appellant's motion for mistrial. In Appellant's fourth issue, he argues that the trial court abused its discretion and denied Appellant his Sixth Amendment right to confrontation when it overruled his hearsay objection to a deputy sheriff's testimony that Appellant was a member of the Texas Syndicate gang.

On March 13, 2013, police searched Appellant's home pursuant to a search warrant. At the time of the search, Appellant was in the master bedroom and his wife, Olivia Carrion, and her nine-year-old daughter were in the living room. A surveillance system was installed at the house, and it was wired to televisions in the living room and the master bedroom. Agent Rodney Smith, a narcotics agent with the Abilene Police Department, testified that "many houses which contain controlled substance[s] have surveillance cameras for the purpose of warning persons inside of our approach."

During the search, officers found methamphetamine on a table in the master bedroom in "plain view." They also found a locked safe in a linen closet in the master bathroom, and the key to the safe was found on a chair in the master bedroom. Officers found "plastic baggies," electrical tape, and a "plastic corner" in the safe. Agent Smith testified that controlled substances are often packaged in plastic baggies and that electrical tape is used when the controlled substances are transported or delivered. Police also found a second safe in the master bathroom, and inside it was a clear piece of plastic that contained approximately twenty-eight grams of methamphetamine. Agent Smith testified that an amount of that size is not for personal use. Police also found a magnetic "hide-a-key" that contained

methamphetamine. Agent Smith stated that he believed, because of the manner in which the items were packaged, that they were ready to be transported or to be sold. Law enforcement also found digital scales, a ledger sheet, a methamphetamine smoking pipe, a key fob with "crystal traces" in it, plastic baggies with an emblem on them, and other drug-related items throughout the house.

Olivia testified for the defense. She said that she has a daughter from a previous relationship with Raul Sonny Flores. On March 8, 2013, Olivia and Flores had a dispute over custody and visitation rights of their daughter. Flores picked up their daughter from school and took her to his mother's house on a day that Olivia was scheduled to pick her up from school. Olivia gave Flores's mother a copy of the custody order and took her daughter from Flores's mother. When Olivia arrived home that evening, the front door to her house was standing open. The front door and the bathroom door were damaged. Olivia believed that Flores had broken into their home.

On March 11, 2013, approximately thirty-six hours before police searched Appellant's home, Officer Brian Poynor, a patrol officer with the Abilene Police Department, stopped Appellant for a traffic violation. A K-9 officer was called to search Appellant's vehicle, and no contraband was found. Defense counsel requested that a video of the traffic stop be admitted to show Appellant's calm demeanor and lack of concern when the police searched his vehicle, but the trial court denied the request. However, Officer Poynor testified that Appellant was cooperative and was not concerned about the search of his vehicle and that there was nothing unusual about his demeanor or conduct during the traffic stop.

In Issues One and Two, Appellant argues on appeal that the trial court abused its discretion and denied Appellant his Sixth Amendment right to present a defense. To strengthen his defense that he no longer used, sold, or possessed drugs and that the drugs were planted in his home by Flores, Appellant sought to introduce into

3

evidence the police video of the March 11 traffic stop and the testimony that Flores avoided the subpoena that Appellant had requested for him. The State objected to the video on relevance and hearsay grounds and to the subpoena evidence on hearsay grounds. The trial court sustained the objections.

Appellant argues on appeal that the trial court denied him a meaningful opportunity to present a complete defense and that such error was of a "constitutional dimension." He asserts that the video would have greatly reinforced Officer Poynor's testimony as to Appellant's calm demeanor and would have supported Appellant's contention that he "no longer used, sold, or possessed drugs and was not aware of the drugs that were found in his home on March 13, 2013." Additionally, Appellant takes the position that the excluded testimony regarding the efforts that Flores took to avoid service of a defense subpoena would have bolstered Appellant's defense. Appellant maintains that the excluded evidence "went to the heart of the defense." *See Potier v. State*, 68 S.W.3d 657 (Tex. Crim. App. 2002) (quoting *DePetris v. Kuykendall*, 239 F.3d 1057, 1062 (9th Cir. 2001)). Appellant claims that it cannot be determined beyond a reasonable doubt that the refusal to admit such evidence did not contribute to the conviction or punishment.

Appellant, however, did not, at any time, object or advise the trial court that Appellant's Sixth Amendment right to present a complete defense was violated. Because Appellant did not raise this argument at trial, he has failed to preserve error for our review. *See* TEX. R. APP. P. 33.1; *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) (stating that denial of a meaningful opportunity to present a complete defense is a right subject to forfeiture); *Hayes v. State*, 124 S.W.3d 781, 786–87 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 161 S.W.3d 507 (Tex. Crim. App. 2005) (the defendant failed to preserve error that the trial court's exclusion of evidence prevented him from presenting a defense; the defendant only argued at trial

that the evidence was admissible based on various rules concerning relevancy). Appellant's first and second issues are overruled.

In Appellant's third issue, he argues that the trial court erred when it denied his motion for mistrial. We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). Only highly prejudicial and incurable errors will necessitate a mistrial. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). Prejudice is incurable only when "the reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds." *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).

During cross-examination, the State asked Officer Poynor whether the house he was "watching" before the traffic stop of Appellant was a "known drug house." Officer Poynor testified, "Yes." Appellant objected, and the trial court sustained his objection and specifically instructed the jury "to disregard the argument from counsel, State's counsel, with regard to that matter, that response that was just made." Appellant subsequently moved for a mistrial on the basis that Officer Poynor's testimony was inflammatory and prejudicial and could not be cured by an instruction to the jury. The trial court denied the motion for mistrial. Appellant argues on appeal that there was no instruction to the jury to disregard the "known drug house" statement of the witness and, thus, that a mistrial should have been granted. The State argues that the trial court's instruction clearly covered the objectionable question asked by the State and also specifically instructed the jury to disregard the response that was made.

We agree with the State. Without a request from Appellant, the trial court immediately gave an instruction to disregard the State's question and the response that was given. Generally, a prompt instruction to disregard cures error caused by

5

an improper question and answer regarding an extraneous offense. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). We are to presume the jury followed the trial court's instruction to disregard. *See Williams v. State*, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996). The objectionable question and answer was not "of such a character as to suggest the impossibility of withdrawing the impression produced." *See Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987). The trial court did not err when it denied Appellant's motion for mistrial because the prompt instruction was sufficient to cure any improper impression created. Appellant's third issue is overruled.

In Appellant's fourth issue, he argues that the trial court abused its discretion and denied Appellant his Sixth Amendment right to confrontation when it overruled his hearsay objection and allowed a deputy sherriff to testify during the punishment phase of the trial that Appellant was a member of the Texas Syndicate gang.

Appellant objected to the deputy sherriff's testimony on hearsay grounds, but did not raise any constitutional objections. Appellant did not, at any time, object or advise the trial court that Appellant's Sixth Amendment right to confrontation was violated. Because Appellant did not raise this argument at trial, Appellant has failed to preserve error for our review. *See* TEX. R. APP. P. 33.1; *Anderson*, 301 S.W.3d at 280; *Hayes*, 124 S.W.3d at 786–87. Appellant's fourth issue is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT

April 29, 2016　　　　　　　　　　　　　　　　CHIEF JUSTICE

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6