**Opinion filed June 28, 2018**



# In The

# Eleventh Court of Appeals

_____

## No. 11-16-00175-CR
_____

## JAY ALEXANDER PARKER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. F34522**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jay Alexander Parker of the felony offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2017). The jury assessed Appellant's punishment at confinement for a term of ninety-nine years in the Institutional Division of the Texas Department of Criminal Justice. Appellant presents four issues on appeal. In his first and second issues, Appellant contends that the trial court abused its discretion by denying his motion for new trial. In his third and fourth issues, Appellant contends that the trial court erred when it

denied his motion for mistrial and used insufficient language to instruct the jury to disregard an objectionable evidentiary matter. We affirm.

*Background Facts*

The amended indictment alleged that, on or about February 15, 2010, Appellant intentionally and knowingly penetrated the mouth of the victim with his sexual organ. The witnesses for the State included the victim (who by then was eleven years old), several of the victim's family members, a forensic interviewer, and two law enforcement officers. Appellant does not challenge the sufficiency of the evidence supporting his conviction. Accordingly, a detailed recitation of the evidence offered at trial is not necessary to our consideration of Appellant's issues.

*Analysis*

The first two issues relate to Appellant's motion for new trial. Appellant asserts in his first issue that the trial court abused its discretion by failing to hold a hearing on his timely filed motion for new trial. In his second issue, he asserts that he was entitled to a new trial because two jurors committed misconduct during voir dire by failing to disclose a Facebook friendship with the victim's mother. Appellant argues these issues together, asserting that the trial court should have held a hearing on his allegation of jury misconduct.

Appellant contends in his first issue that the trial court erred when it denied his motion for new trial without conducting a hearing. In response, the State asserts that Appellant did not adequately request a hearing. We agree with the State. "When examining a trial court's denial of a hearing on a motion for new trial, we review for an abuse of discretion." *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). A defendant's right to a hearing on a motion for new trial is not absolute. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). Generally, a trial court should hold a hearing if the motion and attached affidavit raise matters that are

2

not determinable from the record and that could entitle the accused to relief. *Id.* However, a defendant must present the trial court with "actual notice of the desire to have a hearing." *Id.*

Appellant timely filed a motion for new trial. The motion contained a "Certificate of Presentment," signed by Appellant's attorney. In the certificate, Appellant's attorney certified that he hand-delivered the motion to the trial court the same day. The motion for new trial also included an "Order for a Setting." This fiat provided as follows: "On [date], the Defendant filed a Motion for New Trial and Motion in Arrest of Judgment. The Court *finds* that the party is entitled to a hearing on this matter, and it is THEREFORE ORDERED that a hearing on this motion is set for [date]" (emphasis added).

A fiat for a hearing that accompanies a motion for new trial does not suffice as a request to hold a hearing on the motion. *Gardner v. State*, 306 S.W.3d 274, 305–06 (Tex. Crim. App. 2009) (citing *Rozell*, 176 S.W.3d at 231). Additionally, the "Order for a Setting" that accompanied Appellant's motion for new trial left the decision—as to whether a hearing should be held on the motion—to the trial court's discretion because it was premised on the trial court finding that a hearing was necessary. The Court of Criminal Appeals held in *Rozell* that a request of this nature does not adequately advise the trial court of the defendant's desire to have a hearing. 176 S.W.3d at 231. We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court should have granted his motion for new trial based upon his allegation of juror misconduct. We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013); *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could

support the trial court's ruling. *McQuarrie*, 380 S.W.3d at 150. A defendant will be granted a new trial "when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial." TEX. R. APP. P. 21.3(g). "To warrant a new trial based on jury misconduct, the movant must establish not only that jury misconduct occurred, but also that it was material and probably caused injury." *Ryser v. State*, 453 S.W.3d 17, 39 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

Appellant premises his claim of juror misconduct on the contention that jurors B.I. and C.B. withheld material information during voir dire by failing to disclose that they were Facebook friends[1] with the victim's mother, Teisha Foster McIntosh.[2] Appellant supported this contention in his motion for new trial with defense counsel's affidavit detailing the results of a post-trial investigation of Facebook.

"The voir dire process is designed to insure, to the fullest extent possible, that an intelligent, alert, disinterested, impartial, and truthful jury will perform the duty assigned to it." *Armstrong v. State*, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995) (per curiam); *see Barnett v. State*, 420 S.W.3d 188, 191–92 (Tex. App.—Amarillo 2013, no pet.). When a juror withholds material information in the voir dire process, the parties are denied the opportunity to intelligently exercise their challenges and obtain a disinterested and impartial jury. *Armstrong*, 897 S.W.2d at 363. To be material, the information withheld must be of a type suggesting potential for bias or prejudice. *Barnett*, 420 S.W.3d at 192. It is incumbent upon defense counsel to ask questions calculated to bring out information that might indicate a juror's inability

---

[1]We note at the outset that the Dallas Court of Appeals has held that designating someone as a "friend" on Facebook "provides no insight into the nature of the relationship." *Youkers v. State*, 400 S.W.3d 200, 206 (Tex. App.—Dallas 2013, pet. ref'd) (addressing judicial recusal).

[2]The victim's mother's name is Teisha Foster, but the venire panel was asked about both her maiden name and her married name. We refer to her as "Foster" throughout this opinion.

to be impartial and truthful. *Armstrong*, 897 S.W.2d at 363–64. Unless defense counsel asks such questions, the material information that the juror fails to disclose is not "withheld." *Id.* at 364.

Both the State and Appellant's trial counsel questioned the veniremembers regarding their level of knowledge of the State's witnesses. However, these questions were qualified on the potential jurors' subjective perception of being able to fairly evaluate each witness's testimony. The prosecutor prefaced her voir dire examination on the following statement:

> Now, I want to go through potential witnesses. And I'm going to ask you guys if you know any of these people. And it's not necessarily whether - - I'd just like to know whether you know them, if you're familiar with them, but then the real question is based on the familiarity, knowing this person, do you think you would have a problem being fair in evaluating their testimony; that you couldn't judge them just as you would any other person that came into the courtroom.

The prosecutor then asked about witnesses that would be testifying for the State, including Foster. Neither complained-of juror indicated in response to the prosecutor's questions that he or she knew Foster to a degree that would affect his or her ability to evaluate her testimony.

Defense counsel asked a similar question during his voir dire examination:

> But what I want to ask you is: Are any of these people people that you would give extra credibility to starting out; meaning, before they come in here and testify that because you know them, or you have some background information about them, or you have some sort of, you know, casual relationship or friendship, or whatever the case, that if you think if you line that person up against a total stranger I'm more likely to believe this person because I know them and I know they probably wouldn't lie, things like that.

Neither B.I. nor C.B. indicated that he or she knew Foster in response to the above question.

5

Appellant asserted in the motion for new trial that juror B.I. failed to indicate that he knew Foster and that B.I. violated the trial court's instruction not to be in contact with anyone involved in the case. In support of this assertion, Appellant attached numerous Facebook posts, comments, and "likes" that revealed that Foster and B.I. were "friends" and that Foster "liked" a picture that B.I. posted on April 14, 2016, not long before punishment deliberations.[3] Additionally, Appellant asserted that C.B. failed to indicate that she knew Foster as well. The attached evidence showed that Foster was friends with C.B., but there were no "likes" or "comments" to suggest any interaction with C.B. during the trial. Appellant did not attach any other evidence from either of the jurors or Foster regarding the nature of the relationship.

"It is counsel's responsibility to ask questions specific enough to elicit the answers they require." *Webb v. State*, 232 S.W.3d 109, 113 (Tex. Crim. App. 2007). Neither the prosecutor nor defense counsel asked questions designed to uncover whether any member of the venire panel was part of Foster's social-media network.[4] Rather, the questions were qualified and sought to determine whether any member of the venire panel was so familiar with any of the witnesses that he could not be fair and impartial.

The record does not indicate that either juror withheld information. To the contrary, each juror's lack of a response to the qualified questions indicated that he or she did not believe that any alleged relationship he or she had with Foster would

---

[3]The attachment also included other "likes" or "comments," but all occurred after the guilt/innocence and punishment phases of trial were concluded.

[4]Courts in other jurisdictions have held that a failure to ask about a social-networking relationship precludes a finding that a veniremember intentionally withheld information. *See W.G.M. v. State*, 140 So. 3d 491, 495 (Ala. Crim. App. 2013) (holding that the juror did not willfully provide false information during voir dire when no question was asked regarding Facebook); *McGaha v. Kentucky*, 414 S.W.3d 1, 4–7 (Ky. 2013) (holding that it was defense counsel's responsibility to prove that a potential juror's Facebook acquaintance required disqualification).

affect his or her ability to be fair and impartial. Thus, Appellant cannot establish that jury misconduct occurred. *See Armstrong*, 897 S.W.2d at 364. We overrule Appellant's second issue.

Appellant's third and fourth issues relate to a comment that Foster made at trial. In Appellant's third issue, he contends that the trial court erred in not granting a mistrial when Foster introduced "highly prejudicial, misleading, and irrelevant testimony before the jury." In Appellant's fourth issue, he contends that the trial court's instruction to disregard "did not use sufficiently strong words." We disagree.

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Archie v. State*, 340 S.W.3d 734, 738–39 (Tex. Crim. App. 2011); *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004); *see Carrion v. State*, 488 S.W.3d 925, 928 (Tex. App.—Eastland 2016, pet. ref'd). Only highly prejudicial and incurable errors will necessitate a mistrial. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). Prejudice is incurable only when "the reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds." *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).

At the beginning of Foster's direct examination, the prosecutor questioned her about the early days of her relationship with Appellant. Foster testified that, in the beginning, she and Appellant lived in Abilene with her three children but that, during that time, CPS removed the children from the home. When asked, "And what was the reason for you losing your children at that time?" she responded, "Because [Appellant] had a prior child abuse case charge." Appellant's trial counsel promptly objected, and the trial court held a hearing outside the presence of the jury.

Subsequently, Appellant's trial counsel requested an instruction to disregard and, if granted, a mistrial because of extreme prejudice arising from Foster's statement.

When questioned on voir dire outside the presence of the jury, Foster testified that CPS's concern regarding the children's supervision was the real reason CPS removed the children from the home. Specifically, the removal was based on concerns about the children's hygiene, nutrition, and general lack of adult supervision. The prosecutor told the judge that the State was "trying to get to the point to explain the moving around and [that] [Foster] was as culpable as anyone that these children were taken away." Appellant's trial counsel conceded that the prosecutor's question was not intended to elicit the response that the mother gave. Following argument, the trial court announced that it would instruct the jury to disregard Foster's response, and it denied the motion for mistrial.

After the jury was reseated, the trial court used the following language to instruct them to disregard Foster's statement:

> Ladies and gentlemen, you're told to disregard any testimony concerning the defendant having had a previous child abuse case charge. You're not to speculate or make any reference to this in any deliberations or any time that you talk. You're not to speak of this or ask any further questions concerning this matter unless further ordered to by the Court.

Appellant's trial counsel did not object to the language used by the trial court for the instruction. Following the instruction, Foster testified that the CPS involvement stemmed from her alleged failure to supervise her children.

A witness's reference to an extraneous offense is generally cured by a prompt instruction to disregard. *See Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009) (per curiam). A mistrial should be granted only in cases where the "reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression

from the jurors' minds." *Id.* (quoting *Rojas*, 986 S.W.2d at 250). In cases comparable to the present case, courts have held a curative instruction sufficient to render objectionable testimony harmless. *See, e.g.*, *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (holding State's witness's reference to defendant's prior incarceration rendered harmless by curative instruction); *Gardner v. State*, 730 S.W.2d 675, 696–97 (Tex. Crim. App. 1987) (holding witness's testimony during State's cross-examination that, when defendant was in the penitentiary, he had stomach problems attributable to drug withdrawal was not so inflammatory as to require a mistrial).

The trial court took multiple curative measures to reduce any potential prejudice by Foster's testimony. Prior to continuing Foster's direct examination, the trial court promptly gave an instruction to the jury to disregard her response. "The law generally presumes that instructions to disregard and other cautionary instructions will be duly obeyed by the jury." *Archie*, 340 S.W.3d at 741 (citing *Gardner*, 730 S.W.2d at 696). The record does not indicate that the instruction was not effective in curing any potential prejudice. Following this instruction, the State promptly complied with the trial court's directive to immediately "clear it up [in] the first question." We conclude that the trial court did not abuse its discretion in determining that the testimony was not so prejudicial as to require a mistrial. We overrule Appellant's third issue.

In his fourth issue, Appellant complains of the language that the trial court used to instruct the jury to disregard Foster's comment. Appellant contends that the instruction quoted above failed to track the language of the jury charge on guilt/innocence[5] and that it constituted a comment on the weight of the evidence by

---

[5]The jury charge stated as follows: "Further, the court instructed you to disregard certain evidence during the course of this trial. You are not to discuss or mention anything concerning such evidence and are not to consider this for any purpose."

9

repeating the testimony that the jury was not to consider. Specifically, Appellant contends on appeal that the instruction should have used the words "you are *instructed* to disregard" rather than "you're *told* to disregard."

"Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial." *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013); *see* TEX. R. APP. P. 33.1; *see also Wilson v. State*, 473 S.W.3d 889, 903–04 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (noting the exception to the general rule is for comments by the trial court that constitute fundamental error). Additionally, a claim that the trial court erred by commenting on the weight of the evidence must be preserved at trial. *Woods v. State*, 569 S.W.2d 901, 904 (Tex. Crim. App. 1978). Appellant has not preserved his complaints for appellate review since he did not object to the instruction that the trial court gave or make a request for a different instruction to disregard.

Moreover, even if error was properly preserved, Appellant cites no authority to support his contention that the use of the word "told" as opposed to "instructed" is insufficient, and we have found none. To the contrary, concise instructions, even ones that do not use the word "instructed," have been deemed sufficient. *See, e.g.*, *Marshall v. State*, 210 S.W.3d 618, 628–29 (Tex. Crim. App. 2006) (holding that "[t]he jury *will* disregard the last response of the witness" was a sufficient instruction to cure error (emphasis added)); *Hawkins*, 135 S.W.3d at 84 (holding that an instruction that "the jury is so instructed," when counsel asked for a particular instruction, was sufficient to cure error). Accordingly, we conclude that the language was sufficient. We overrule Appellant's fourth issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


June 28, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[6]

---

[6]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.